UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**TERRON A. EGERSON,**
        **Plaintiff,**

    v.                                   Case No. 25-C-1140

**AMBER AVERY,**
        **Defendant.**

---

## ORDER

Terron A. Egerson, who is incarcerated at Dodge Correctional Institution and who is representing himself, has filed a civil action. He has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. The cost of filing a civil action in federal court is $405.00, which includes the $350.00 statutory filing fee and a $55.00 administrative fee. The $55.00 administrative fee does not apply to persons granted *in forma pauperis* status. The Prison Litigation Reform Act (PLRA) requires prisoner plaintiffs proceeding without prepayment of the filing fee (*in forma pauperis*) to pay the $350.00 statutory filing fee over time. *See* 28 U.S.C. § 1915(b)(1), (2).

Under the PLRA, I must assess an initial partial filing fee of twenty percent of the average monthly deposits to plaintiff's account or average monthly balance in plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. 28 U.S.C. § 1915(b)(1). After the initial partial filing fee is paid, plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). The agency having custody of

plaintiff shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until the filing fees are paid. *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event plaintiff ultimately prevails.

Plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint. A review of this information reveals that, during this period, the average monthly deposit in plaintiff's prison account was $192.50 and the average monthly balance to the account was $409.50. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), plaintiff is required to pay an initial partial filing fee of **$68.25**.

The PLRA also provides that, if a prisoner files three or more actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, plaintiff will be prohibited from bringing any other actions *in forma pauperis* unless plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on plaintiff's ability to bring other actions *in forma pauperis*. I will not screen the complaint until plaintiff pays the initial partial filing fee. Accordingly, plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g), you must notify the court by filing a letter with the Clerk of Court

**on or before November 17, 2025**. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g), but **you still will owe the $350 filing fee.**

Plaintiff is advised that, if the complaint is screened and is immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the court will not refund plaintiff's initial partial filing fee. **Plaintiff will still be required to pay the entire $350 filing fee** and risk incurring a strike.

For the reasons stated, **IT IS ORDERED** that plaintiff is assessed **$68.25** as an initial partial payment of the $350.00 fee for filing this case. **On or before November 17, 2025**, plaintiff must submit a check or money order made payable to the Clerk of Court in the amount of $68.25 or advise the court in writing why plaintiff is not able to submit the assessed amount. **To the extent plaintiff does not have enough money in his regular account to make the initial partial payment, plaintiff is responsible for making arrangements with authorities to pay the remainder of the initial partial filing fee from plaintiff's release account. Plaintiff is advised that the language of 28 U.S.C. § 1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee only if insufficient funds are available in his regular account.** *See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).

**IT IS FURTHER ORDERED** that, if **by November 17, 2025,** plaintiff fails to make the initial partial payment or show cause for failure to do so, this case may be dismissed without prejudice for failure to prosecute.

**IT IS FURTHER ORDERED** that a copy of this order be sent to Dodge Correctional Institution, where plaintiff is confined.

**IT IS FURTHER ORDERED** that no further action will be taken in this case until the clerk's office receives plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Dated at Milwaukee, Wisconsin this 16th day of October, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
United States District Judge